Yuri Hovhannisyan, Esq.
Attorney# 5510037
Appellate Division, Second Judicial Department
yuri@yhovlaw.com

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Carlos Alfredo Fama Perez** ) | |
| ) | Case No. _____ |
| Petitioner, ) | **A# 240-128-908** |
| ) | **PETITION FOR WRIT OF** |
| v. ) | **HABEAS CORPUS** |
| ) | |
| **"HAYNES,"** Warden of Detention Facility ) | |
| At 26 Federal Plaza, New York, NY. ) | |
| Todd Lyons, Acting Director of U.S. Immigration ) | |
| and Customs Enforcement (ICE), Marcos Charles ) | |
| acting Executive Associate Director for ICE ) | |
| Enforcement and Removal Operations (ERO) ) | |
| William P. JOYCE, in his official capacity as ) | |
| Deputy Field Office Director of New York ) | |
| Rodney S. SCOTT, in his official capacity as the ) | |
| Commissioner of U.S. Customs and ) | |
| Border Protection (CBP) ) | |
| Immigration and Customs Enforcement; Kristi ) | |
| NOEM, in her official capacity as Secretary of ) | |
| Homeland Security, and Pamela BONDI, in her ) | |
| official capacity as Attorney General of the United ) | |
| States, in their official capacities, President Donald ) | |
| J. Trump in his personal and official capacity ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**Petition for Habeas Corpus**

Petitioner **Carlos Alfredo Fama Perez** was detained in New York City, New York, by immigration authorities.

Accordingly, to vindicate the Petitioner's Fourth Amendment right against search and seizure, Fifth Amendment right against deprivation of liberty without due process, 8th Amendment right against cruel and unusual punishment, Sixth Amendment right to counsel, this Court should grant the instant petition for a writ of habeas corpus.

Petitioner asks this Court to find that the Petitioner's detention violated his constitutional rights and order his immediate release.

## JURISDICTION

This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

*1.*    Venue is proper because the Petitioner is detained within the City of New York, Petitioner's counsel believes Petitioner is detained at 26 Federal Plaza, New York, NY 10278, which is within the jurisdiction of this District.

2.    Venue is proper in this District because Respondents are officers, employees, or

agencies of the United States, and a substantial part of the events or omissions giving rise to the claims occurred in this District. No real property is involved in this action.  28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

3.      The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

4.      Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

5.      The Petitioner is currently detained at 26 Federal Plaza, New York, New York 10278 in the custody and under the direct control of Respondents and their agents.

6.      Respondent "HAYNES" is the Warden of the Detention Facility located at 26 Federal Plaza, New York, NY. He has immediate physical custody of the Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and are a legal custodian of the Petitioner. Respondent Lyons, is a legal custodian of the Petitioner.

7.      Respondent William P. Joyce is sued in his official capacity as the Acting Director of the New York Field Office of U.S. Immigration and Customs Enforcement. Respondent Joyce is a legal custodian of the Petitioner and has the authority to release the Petitioner.

8.      Respondent Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees  U.S. Immigration and Customs Enforcement / U.S. Customs and Border Protection, the component agency responsible for the Petitioner's detention/custody. Respondent Noemis is a legal custodian of the Petitioner.

9.      Respondent Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of the Petitioner.

### PRAYER FOR RELIEF

Wherefore, the Petitioner respectfully requests this Court to grant the following:

(1)   Assume jurisdiction over this matter;

(2)   Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3)   Declare that the Petitioner's detention violates the Fourth Amendment right against search and seizure, Fifth Amendment right against deprivation of liberty without due process, 8th Amendment right against cruel and unusual punishment, Sixth Amendment right to counsel,

(4)   Issue a Writ of Habeas Corpus ordering Respondents to release the Petitioner immediately.

(5)    Award the Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6)    Order that the Petitioner not be removed from the jurisdiction of the Southern District of New York.

(7)    Grant any further relief this Court deems just and proper.

Respectfully submitted,

Yuri Hovhannisyan, Esq.,
Attorney for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner in the case cited above, and I submit this verification on the Petitioner's behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Yuri Hovhannisyan, Esq.
Attorney for Petitioner