**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
   **CARLOS ALFREDO FAMA PEREZ,**        :
                                                  :
                   **Petitioner,**     :
                                                  :        **1:26-cv-01037 (ALC)**
          **-against-**             :
                                                   :        <u>**ORDER TO TRANSFER**</u>
   **HAYNES,** *et. al.,*               :
                                                   :
               **Respondents.**    :
                                                   :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

On February 6, 2026, Petitioner Carlos Alfredo Fama Perez ("Petitioner") filed a petition for writ of habeas corpus under 8 U.S.C. § 2241. Dkt. No. 1.

In order to entertain a habeas corpus petition, a court must have jurisdiction over the person seeking such relief. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). Jurisdiction to consider a Section 2241 habeas corpus challenge to a person's physical confinement generally lies in the district court for the federal district where that person is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004); *see also Khalil v. Joyce*, 771 F. Supp. 3d 268, 280-86 (S.D.N.Y. 2025) (holding that the court lacked habeas jurisdiction where the petition was transferred from 26 Federal Plaza to a facility in the District of New Jersey and petitioner was in New Jersey at the time of the filing of the petition).

On February 12, 2026, Respondents filed a Motion to Transfer this suit to the United States District Court for the Eastern District of New York. Dkt. No. 5. Respondents contend that this Court lacks jurisdiction over Petitioner because Petitioner as not present in or detained within this district when the Petition was filed. Dkt. No. 5 at 2. Instead, Petitioner was detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, which is located within

the Eastern District of New York. Given that Petitioner was detained in Louisiana at the MDC when the Petition was filed, this Court lacks jurisdiction over this case. Because this Petition should have been brought in the United States District Court for the Eastern District of New York, the Court finds that it is in the best interest of justice to transfer this action pursuant to 28 U.S.C. § 1406(a).

The Clerk of Court is respectfully directed to terminate all pending motions and transfer this case to the United States District Court for the Eastern District of New York. To ensure that Petitioner's habeas petition is heard in the proper forum without undue delay, this Court finds that the seven-day waiting period in Local Civil Rule 83.1 should be waived, and this case should be promptly transferred.

In light of the above, the Court's February 6, 2026 Order (Dkt. No. 3) setting a telephonic conference for February 20, 2026 is hereby **VACATED**. Therefore, the Parties need not appear telephonically nor contact the Court for a telephonic conference tomorrow.

Finally, Interested Party Yuri Hovhannisyan is directed to contact Petitioner to inform him of this Order.

**SO ORDERED.**

**Dated:** February 19, 2026
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

2