UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS ALFREDO FAMA PEREZ,

               *Petitioner,*

   – against –

HAYNES, *Warden of the Detention Facility at 26 Federal Plaza, New York, NY,* TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement (ICE),* MARCOS CHARLES, *Acting Executive Associate Director for ICE Enforcement and Removal Operations (ERO),* WILLIAM P. JOYCE, *in his official capacity as Deputy Field Office Director of New York,* RODNEY S. SCOTT, *in his official capacity as the Commissioner of U.S. Customs and Borner Protection (CBP) Immigration and Customs Enforcement,* KRISTI NOEM, *in her official capacity as Secretary of Homeland Security,* PAMELA BONDI, in her official capacity as *Attorney General of the United States,* PRESIDENT DONALD J. TRUMP, in his personal and official capacity,

               *Respondents.*

**MEMORANDUM & ORDER**
26-cv-00966 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

On January 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner Carlos Alfredo Fama Perez at 26 Federal Plaza, New York, NY. *See* Memorandum of Law in Support of Mot. to Transfer ("Motion to Transfer") 2, ECF No. 6.[1] Petitioner is presently in custody at the Metropolitan Detention Center ("MDC") in

---

[1]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Brooklyn, New York, and it does not appear that an individualized custody determination has been made.[2] He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. for Writ of Habeas Corpus ("Petition") 2. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner was detained by ICE at 26 Federal Plaza, New York, N.Y. on January 28, 2026, and on February 3, 2026, was transferred to MDC where he is currently being held. Mot. to Transfer 2. He commenced the instant action on February 6, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. The case was initially brought in the Southern District of New York and was subsequently transferred to the Eastern District of New York following respondents' Motion to Transfer. *See* Order to Transfer, ECF No. 8. The undersigned judge was assigned on February 20, 2026. *See* ECF No. 9. The same day, the Court issued an order directing respondents to submit a letter that day stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Yumbla v. Maldonado*, No. 26-cv-00594, 2026 WL 371414 (E.D.N.Y. Feb. 10, 2026), *Guanga Dutan v. Tellez*, No. 26-cv-00600, 2026 WL 377520 (E.D.N.Y. Feb. 11, 2026), *Erjigitov v. Lyons*, No. 26-cv-00624, 2026 WL 382489 (E.D.N.Y. Feb. 11, 2026), *Palacios v. Francis*, No. 26-cv-00847, 2026 WL 415449 (E.D.N.Y. Feb. 14, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 10.

---

[2]    Respondents contend that petitioner is lawfully detained pursuant to U.S.C. §1225(b)(2)(A), which mandates detention. Resp. 1.

The government timely filed a response which stated that "[r]espondents' position is that [p]etitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A)." Letter in Resp. to Scheduling Order ("Response") 1, ECF No. 11. The response further stated that "[i]n six decisions involving facts materially indistinguishable from those alleged in the [p]etition, this Court has held that 8 U.S.C. § 1226(a) is the proper detention authority. . . . Respondents acknowledge that if the Court applies the reasoning of these six decisions here, they would control the result in this case." Resp. 1.

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends that he is being detained in violation of the Due Process Clause of the Fifth Amendment as well as the Fourth, Sixth, and Eighth Amendments. Pet. 2. The government's response does not dispute these assertions and concedes that the case is materially indistinguishable from the Court's prior decisions, only noting that "a number of courts have issued opinions that have endorsed the Government's interpretation of the relevant statutory provisions." Resp. 1–2 n.2. Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to Section 1226 and

3

in violation of his rights to due process under the Fifth Amendment.[3] *See Y-C-*, 2025 WL 3653496, at \*7; *Crespo Tacuri*, 2026 WL 35569, \*7; *see also Ccorihuaman*, 2026 WL 328983, at \*2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release the petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 5:00 p.m. on February 23, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at \*8 (S.D.N.Y. Nov. 25, 2025)

---

[3] For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at \*3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future."). Further, the Court's decision today does not reach petitioner's additional arguments that his detention is unconstitutional under the Fourth, Sixth, and Eighth Amendments.

(ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of any of . . . [p]etitioner's rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's February 25, 2026 deadline to file a reply and the hearing scheduled for February 26, 2026 are hereby adjourned.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

<u>/s/ Natasha C. Merle</u>
NATASHA C. MERLE
United States District Judge

Dated:   February 21, 2026
         Brooklyn, New York

5